```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 14-CV-61596-MORENO
                              MAGISTRATE JUDGE P. A. WHITE

STEVEN BOURGEOIS,             :

     Plaintiff,               :

v.                            :        REPORT OF
                                     MAGISTRATE JUDGE
SHERIFF SCOTT ISRAEL,         :

     Defendant.               :
_____:
```

## I. Introduction

The *pro se* plaintiff, Steven Bourgeois, filed a civil rights complaint pursuant to Title 42, United States Code Section 1983, while incarcerated at the Broward County Jail. He is proceeding *in forma pauperis*.[1] The complaint and its incorporated "amendment" are presently before the Court for screening. (DE# 1).

## II. Screening Standard

A complaint or any portion of a complaint is subject to dismissal at any time if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

---

[1] Bourgeois has recently filed at least four other *pro se* civil rights complaints in this Court while in custody at the Broward County Jail. See 14-CV-60716-ZLOCH (dismissed for failure to state a claim on May 30, 2014); 14-CV-61495-DIMITROULEAS (Report recommending dismissal for failure to state a claim filed on July 8, 2014); 14-CV-61552-ZLOCH (Report recommending dismissal for failure to state a claim filed on July 15, 2014); 14-CV-61595-COOKE (Report recommending dismissal for failure to state a claim filed on the same day the Report in the instant case is being issued).

1

Section 1983 civil rights actions require the deprivation of a federally protected right by a person acting under color of state law. 42 U.S.C. § 1983; Polk County v. Dodson, 454 U.S. 312 (1981); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11th Cir. 1985). In order to state a claim, a plaintiff must establish (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law. 42 U.S.C. 1983; Dodson, 454 U.S. at 312; see Almand v. DeKalb County, Ga., 103 F.3d 1510, 1513 (11th Cir. 1997). The standard for determining whether a complaint states a claim upon which relief may be granted is the same under Section 1915(e)(2)(B) or and Federal Rules of Civil Procedure 12(b)(6) and 12(c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").

A complaint need not contain detailed factual allegations. See Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief...."). However, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions; a "formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must rise above the speculative level and "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless" or when the claims rely on factual allegations that are "clearly baseless." Neitzke, 490 U.S. at 327.

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. See Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662 (2009). First, the court must identify the complaint's factual allegations, which are entitled to an assumption of truth, and identify and reject the legal conclusions to which no assumption of truth applies. Iqbal, 556 U.S. at 678. Second, the court must determine whether these factual allegations, taken as true, plausibly suggest an entitlement to relief. Id. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. If the well-pleaded facts do not permit the court to infer more than the "mere possibility of misconduct," the complaint is insufficient. Id.

### III. Discussion

Construing the complaint liberally and accepting the factual allegations as true, Bourgeois claims that Sheriff Israel is failing to control Deputy Redden, who has threatened him and deprived him of "some of my food off of my special diet tray," as well as Deputies Jackson, and Andrews, and Corporal Williams, who are harassing and bothering him. (DE# 1 at 4). He claims that these individuals should be investigated and subjected to disciplinary action. Bourgeois claims he has sent letters to the Florida Legislature, Statewide Prosecutor, and the Florida Attorney General who, in turn, has contacted Sheriff Israel. Bourgeois has also used grievance procedures. Nevertheless, Sheriff Israel has failed to abide by federal and state law to remedy this situation. Bourgeois seeks injunctive relief.

This complaint is insufficient to proceed.

As a preliminary matter, the complaint is not signed under penalty of perjury. See 28 U.S.C. § 1746; (DE# 1).

Further, the complaint is inadequate to allege any theory under which Sheriff Israel could be liable. Public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11th Cir. 1986), abrogation on other grounds recognized by Nolin v. Isbell, 207 F.3d 1253 (11th Cir. 2000). Nor can liability be predicated solely upon the doctrine of *respondeat superior* in a Section 1983 action. Monell v. Dep't Social Servs., 436 U.S. 658 (1978); Vineyard v. Murray, 990 F.2d 1207 (11th Cir. 1993). A causal connection between the acts of a supervising official and the alleged constitutional deprivation can render the official liable on a Section 1983 claim. See Douglas, 535 F.3d at 1322. A plaintiff may establish a causal connection by showing that: (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and that he failed to do so;" (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights;" or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Douglas, 535 F.3d 1322. This standard is extremely rigorous. Doe v. School Bd. of Broward County, 604 F.3d 1248, 1266 (11th Cir. 2010).

Bourgeois does not allege that Sheriff Israel was personally involved in depriving him of part of the food on his special diet, harassing him, or denying his grievances. He has failed to adequately allege a constitutional deprivation and causation that

4

would subject him to supervisory liability. Bourgeois vague complaints of harassment, threats, and deprivation of some of the food from a special diet tray do not rise to the level of cruel and unusual punishment. See <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1295 (11th Cir. 2004) (discomfort is insufficient to establish an Eighth Amendment claim; the condition must be "extreme" and pose and unreasonable risk of serious damage to future health); <u>Hernandez v. Fla. Dep't of Corr.</u>, 281 Fed. Appx. 862 (11th Cir. 2008) (prisoner's allegations of verbal abuse and threats by prison officers did not state a constitutional claim where the defendants never carried out the threats). Nor does his reference to the jail's grievance procedures raise any constitutional right. <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1177 (11th Cir. 2011) (an inmate "has no constitutionally-protected liberty interest in access to [a jail's grievance] procedure."); <u>Asad v. Bush</u>, 170 Fed. Appx. 668, 672-73 (11th Cir. 2006) (there is no constitutional right to engage in an institution's grievance procedure so the denial of grievances, alone, does not state an actionable constitutional claim). Nor has Bourgeois established any causal connection for any of the foregoing with Sheriff Israel, that is, a history of widespread abuse, an improper custom or policy leading to deliberate indifference, and facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

Because Bourgeois has failed to adequately allege any constitutional deprivation or causation by Sheriff Israel, the complaint should be dismissed.

### IV. <u>Conclusion</u>

It is therefore recommended that the complaint and

incorporated "amendment" (DE# 1) be dismissed pursuant to Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 18th day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Steven Bourgeois, *pro se*
   191400123
   Broward County Jail, NBB
   North Broward Bureau
   Inmate Mail/ Parcels
   Post Office Box 407037
   Ft. Lauderdale, FL 33340